IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ramone K. Drew, *a/k/a Ramone Karim Drew,* <br><br> Plaintiff, <br><br> vs. <br><br> Major Dasen, *of City Police*; A. Johnson, *County of Detention*; Sgt. Cook, *of City Police*; Sgt. Chapman, *Jason*; Colleton County Detention; City of Walterboro; Walterboro Police Dept.; Mayor of Walterboro; Press and Standard, *in Walterboro,* <br><br> Defendants. | ) C/A No. 2:13-3469-DCN <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff, Ramone K. Drew, also known as Ramone Karim Drew ("Plaintiff"), is a pretrial detainee in the Colleton County Detention Center in Walterboro, South Carolina, who is proceeding pro se. Plaintiff filed this action, pursuant to 28 U.S.C. § 1983, alleging claims of excessive force during his arrest and unconstitutional conditions of his pretrial detention. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this case was assigned to United States Magistrate Judge Bruce Howe Hendricks for initial review.

By Order dated February 27, 2014 (ECF No. 9), Plaintiff's Motion for Leave to Proceed in forma pauperis (ECF No. 2) was granted, and Plaintiff was given a specific time frame in which to bring this case into proper form by submitting proposed service documents for Defendants. On March 10, 2014, Plaintiff submitted proposed summonses and Forms USM-285 for Defendants Dasen, Cook, Chapman, and the Walterboro Police Dept. (ECF No. 12). However, Plaintiff did not submit proposed service documents for

Defendants Johnson, the City of Walterboro, the Mayor of Walterboro, and the Press and Standard.  It was not clear whether Plaintiff's submission of proposed service documents for only four of the eight named Defendants indicated that Plaintiff intended to voluntarily dismiss his claims against Defendants Johnson, the City of Walterboro, the Mayor of Walterboro, and the Press and Standard, or whether Plaintiff's failure to submit proposed service documents for these four Defendants was simply an oversight.

In addition, the summonses and Forms USM-285 (ECF No. 12) which Plaintiff submitted for Defendants Dasen, Cook, Chapman, and the Walterboro Police Dept. were not correct.  Rather than following the instructions in the Order and writing Plaintiff's name and return address on the summonses and Forms USM-285, Plaintiff included the names and addresses of attorneys Joshua Stokes and Peter McCoy, of the Charleston, South Carolina law firm McCoy & Stokes, LLC.  Neither Mr. McCoy nor Mr. Stokes, however, filed an appearance in this case on behalf of Plaintiff, and there is no indication that either of them represent Plaintiff.

On March 12, 2014, Magistrate Judge Hendricks issued a Second Proper Form Order (ECF No. 14) in this case.  Pursuant to this Court's standing order, In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), the Order gave Plaintiff twenty-one (21) days from the date the Order was entered, plus three (3) days for mail time, to submit corrected summonses and Forms USM-285, with his own name and mailing address as a pro se Plaintiff in the return address section.  The Order instructed Plaintiff to submit a notice of voluntary dismissal if he intended not to pursue his claims against Defendants Johnson, the City of Walterboro, the Mayor of Walterboro, and the Press and Standard.  Magistrate Judge Hendricks

warned Plaintiff that his failure to provide the necessary information and documents within the timetable set forth in the Order would subject the case to dismissal.  Second Proper Form Order, ECF No. 14, p. 2, 4.

The Order was mailed to Plaintiff at the address of record that Plaintiff provided to the Court, which is the correct address for the Colleton County Detention Center, i.e. 22 Klein Street, Walterboro, South Carolina 29488.  Plaintiff failed to respond to the Order, and the time for responding lapsed on April 7, 2014.  The mail in which the Order was sent to Plaintiff has not been returned to the Court.  Thus, the Court presumes that Plaintiff received the Order, but has neglected to comply with it within the time permitted under the Order.  Plaintiff's lack of response to the Order indicates an intent to discontinue prosecuting this case and subjects this case to dismissal.

It is therefore **ORDERED** that this case is **DISMISSED**, without prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure.  See Link v. Wabash Railroad Company, 370 U.S. 626 (1962).

**IT IS SO ORDERED.**

April 17, 2014                                          David C. Norton
Charleston, South Carolina                    United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.